UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KASHIF M LAMAR CAMERON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-482** |
| **AWS AMAZON SERVICES, ET AL.** | **SECTION: P (1)** |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Kashif 'M' Lamar Cameron ("Plaintiff") filed the above-captioned matter in this Court against AWS – Amazon Services, Amazon Direct-Publishing, Amazon, LLC- Kindle, and Amazon.com LLC-LP. Plaintiff indicates that the Court has federal question jurisdiction, and his claim is based on "Title 45 – Interstate Commerce – Chap. 51 – Alteration of Product Liability." Plaintiff alleges that his claim is for "theft from the international marketplace, a denial of civil rights occurred during multiple attempts to find relief." However, Plaintiff fails to cite an accurate federal statute giving rise to this Court's federal question jurisdiction, and the Complaint is devoid of any factual allegations sufficient to put the defendants on notice of the claims against them. Because Plaintiff has failed to state a claim, it is RECOMMENDED that this lawsuit be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

### BACKGROUND

Plaintiff filed this lawsuit on March 11, 2025. The Court granted Plaintiff's motion to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a), but ordered that summons be withheld and that Plaintiff show cause in writing by May 7, 2025, as to why this lawsuit should not be summarily dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As of today's date, more than 21 days after the ordered deadline, Plaintiff has not responded to the Court's order.

1

<u>LAW AND ANALYSIS</u>

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face. See Startii v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015)).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). A claim is "frivolous" where it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curium) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). "A complaint lacks an arguable basis in fact when 'the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless.'" *Id.* (quoting *Harris*, 198 F.3d at 156).

"To determine if a complaint fails to state a claim" under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard "applicable to dismissals made pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure." *Id.* In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citation, footnote, and quotation marks omitted). On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Here, Plaintiff alleges that a "theft from the international marketplace" has occurred. On the civil cover page, Plaintiff describes the nature of his suit as "Property Damage; Product Liability," and in the basis for jurisdiction section of his complaint, Plaintiff invokes "Title 45 – Interstate Commerce – Chap. 51 – Alteration of Product Liability." The Court fails to understand, however, what federal statute Plaintiff intends to invoke, because 45 U.S.C. § 51 relates to liability of common carriers by railroad for injuries to employees that occur while the employee is engaged in the employer's interstate commerce activities. Notably, this statute does not address claims for products liability or theft. Moreover, Plaintiff does not indicate that any Defendant would qualify as a common carrier by railroad, nor does Plaintiff indicate that he is an employee of any defendant who was harmed while working for the carrier.

Instead, Plaintiff writes that the "illegal misconduct" occurred "during Amazon.com interstate commerce platform performance." Yet, Plaintiff fails to describe what has been stolen, who stole it, and/or how such theft occurred. Indeed, Plaintiff writes that "actors are irrelevant." Plaintiff demands $0 and writes "unknown appraisal" in the "Demand" section of the civil cover sheet. Thus, the present Complaint is completely devoid of any factual allegations to state a claim to relief that is plausible on its face.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff Kashif 'M' Lamar Cameron has failed to state a claim. Accordingly, IT IS RECOMMENDED that this lawsuit be DISMISSED for failure to state a claim.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 30th day of May, 2025.

                                        Janis van Meerveld
                                  United States Magistrate Judge